IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CODY WILSON,
for Deborah S. Dady, Deceased,

       Plaintiff,

v.

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 2:13-cv-00496
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This action seeks review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security denying Deborah S. Dady's application for disability and supplemental security income benefits.  On March 7, 2013, the United States Magistrate Judge recommended that the Court overrule the statement of errors and enter judgment in favor of the Commissioner.  (ECF No. 22, at Page ID # 748.)  The matter is now before the Court for consideration of the objections to the Magistrate Judge's Report and Recommendation filed by Plaintiff, Cody Wilson.[1]  (ECF No. 23.)

### I. Background

The background of this case is adequately set forth in the Magistrate's Report and Recommendation and need not be repeated here.  Plaintiff objects to the Magistrate Judge's determination that the decision of the Administrative Law Judge ("ALJ") denying Dady benefits was correct and the recommendation that judgment be entered in favor of the Commissioner.

---

[1] Deborah S. Dady died on January 8, 2014.  (ECF No. 20-1, at Page ID # 727.)  Her son, Cody Wilson, was subsequently substituted as the plaintiff.  (ECF No. 21.)

1

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); see also 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is such relevant evidence as a reasonable mind might accept to support the ALJ's conclusions. *Bass v. McMahon*, 499 F.3d 506, 506 (6th Cir. 2007).

Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## II. Analysis

The Court has conducted a *de novo* review and agrees with the reasoning and analysis of the Magistrate Judge. In his objections, Plaintiff reaffirms the same arguments from the statement of errors and submits four additional objections. These objections, however, do little more than restate the essence of Dady's original arguments. Plaintiff has raised no new or novel arguments to convince this Court that the reasoning of the Magistrate Judge was incorrect.

Plaintiff first takes issue with the Magistrate Judge's alleged failure to address the ALJ's decision to follow the requirements of 20 C.F.R. §404.1527. Plaintiff contends that the Magistrate Judge made no mention of the greater scrutiny required to be given to non-examining reviewers' opinions with respect to psychological impairments. This omission, Plaintiff contends, led to the ALJ's: (1) improper weighing of the opinion evidence that reverse the requirements of controlling regulation and agency rulings; and (2) the formation of unsupported mental residual capacity that failed to consider limitations posed by all of Dady's mental impairments. Plaintiff's objection, however, does nothing to undermine the Magistrate Judge's analysis.

Citing *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994), the Magistrate Judge recognized that only treating physicians are entitled to controlling weight. In describing Dady's mental impairments, Plaintiff relied heavily on the opinions of Dr. Roach, a psychologist and non-treating source who completed a disability assessment report at the request of the Bureau of Disability Determination. (ECF No. 22, at Page ID # 748.) Although Dr. Roach made personal observations, performed psychometric testing, conducted a clinical interview, and made a mental status evaluation and diagnosis, the ALJ recognized that Dr. Roach's consultative opinion was based partially on unreliable subjective reporting from Dady. (ECF No. 22, at Page ID # 746.)

In addition, Dr. Roach's marked limitations with respect to Dady handling the stress and pressure of work were not supported by other medical evidence, and, therefore, the ALJ gave Dr. Roach's opinion only some weight.  (ECF No. 22, at Page ID # 740, 746.)  Based on the expert opinions of Board Certified Examiners with knowledge of the Social Security Administration's program and requirements, the ALJ concluded that Dady retained the residual capacity to perform a reduced range of light work with specific limitations.  (ECF No. 22, at Page ID # 730, 746.)  Furthermore, this formulation by the ALJ was supported by C. Leigh, a state agency reviewing physician who independently completed a physical residual capacity assessment.  (ECF No. 23, at Page ID # 734, 748.)  Contrary to Plaintiff's assertion, there was no blatant omission committed by the ALJ; the ALJ appropriately weighed all available opinion evidence within the requirements of 20 C.F.R. §404.1527 and relied on a substantial portion of that evidence to reach a reasonable conclusion regarding Dady's residual functional capacity.

Plaintiff's next objection takes issue with the Magistrate Judge's conclusion that Plaintiff has not identified any greater limitations than those in the residual functional capacity determination resulting from Dady's borderline intellectual functioning.  Here, however, Plaintiff merely disagrees with the characterization of the evidence by the ALJ and fails to identify an error that prejudices Plaintiff on the merits or constitutes the deprivation of a substantial right.

The Magistrate Judge acknowledges that the ALJ did not specifically identify Dady's borderline intellectual functioning as an impairment, but the "greater limitations" referenced by Plaintiff were all discussed by the ALJ in his overall analysis of Dady's functional capacity.  Although Plaintiff makes much of the fact that the ALJ "failed to mention, even one time, borderline intellectual functioning or its related limitations," the ALJ discussed Dady's various mental disabilities extensively and considered the same limitations to which Plaintiff now refers.

In his objection, Plaintiff emphasizes limitations in Dady's memory and her ability to carry out instructions, as demonstrated by her failure to remember repeated activities such as how to cook an egg. (ECF No. 23, at Page ID # 753.) This is not new or novel information, however; the ALJ was well aware of all these limitations in reaching his final decision. Although Plaintiff relies on the opinion Dr. Pawlarczyk to stress Dady's limitation to simple instructions, Plaintiff incorrectly characterizes the exclusion of this information from the ALJ's ultimate findings. *Id.* The ALJ specifically found that Dady was *limited* to unskilled, *simple* repetitive tasks with no high production quotas. (ECF No. 22, at Page ID # 730.) Thus, contrary to Plaintiff's assertions, the failure to mention "borderline intellectual functioning" by name does not rise to the level of an error subject to remand.

Third, Plaintiff objects on the basis that the Magistrate Judge allegedly downplayed the ALJ's misrepresentation of evidence in the record. Specifically, Plaintiff states that the misidentification of treatment notes from a counselor was a "crucial error" in evaluating the evidence. In addition, Plaintiff takes issue with the ALJ's conclusion that, based on portions of these treatment notes, Dady's psychological impairments improved over time. Plaintiff fails to recognize, however, that evidence in conflict with the ALJ's specific findings does not negate the ultimate conclusion, provided there is still substantial support for this conclusion.

The Magistrate Judge did not, as contended by Plaintiff, "concede[] a substantial error committed by the ALJ" but, rather, acknowledged the mistake and determined that the ALJ's conclusion was still supported by substantial evidence. Although, as Plaintiff points out, "[t]here is no disputing that the ALJ mistakenly identified the source of the treatment notes," the ALJ's ultimate opinion still accounted for the content of the notes, including the diagnoses of major recurrent depression and post-traumatic stress disorder. (ECF No. 23, at Page ID # 735, 754.)

5

Furthermore, various doctors, including Dr. Leigh, Dr. Bolz, Dr. Pawlarcyzk, and Dr. Voyten, all concluded that Dady was only partially credible, particularly when reporting allegations of worsening symptoms. (ECF No. 23, at Page ID # 734, 735, 740.) In other words, the ALJ's finding of slight improvement in Dady's psychological impairment over time is supported by the medical opinions of numerous physicians who are experts in Social Security disability evaluation. Despite the ALJ's misidentification of Dady's treatment notes, the ALJ's ultimate conclusion is still supported by substantial evidence and is thus not subject to reversal.

Finally, Plaintiff continues to maintain that because the ALJ inappropriately weighed the physical opinion evidence, the Magistrate Judge erred in finding that the ALJ's decision was supported by substantial evidence. Again, however, Plaintiff disagrees with the weight and consideration of the evidence by the ALJ and fails to identify an error that prejudices Plaintiff on the merits or constitutes the deprivation of a substantial right.

This final objection is essentially a restatement of Plaintiff's first objection on physical, rather than psychological, grounds. In describing Dady's physical impairments, Plaintiff relied on the opinion of Eric L. Newsome, a doctor for the Ohio Department of Job and Family Services who noted some physical limitations associated with Dady's seizure and syncope risk. (ECF No. 22, at Page ID # 734.) In weighing this opinion, the ALJ noted that Dr. Newsome's status as a treating or examining source was unclear, that the limitations discussed by Dr. Newsome were not supported by the evidence of record, and that Dr. Newsome depended heavily on Dady's subjective complaints; therefore, the ALJ afforded Dr. Newsome's opinion little weight. (ECF No. 22, at Page ID # 747.) Although Plaintiff corrects the ALJ's mistaken assertion that the medical form completed by Dr. Newsome was undated, Plaintiff provides no additional evidence to explain why ALJ and Magistrate Judge were incorrect in weighing Dr.

6

Newsome's opinion against the opinion of Dr. Leigh. (ECF No. 23, at Page ID # 755.) Again, the physical limitations referenced by Plaintiff do not represent new or novel information, and the ALJ was well aware of all these limitations in reaching his final decision. Therefore, Plaintiff fails to demonstrate a lack of substantial evidence to support the ALJ's decision regarding Dady's physical limitations.

### III. Conclusion

For the foregoing reasons, the Court **ADOPTS** and **AFFIRMS** the Report and Recommendation. (ECF No. 22.) The Court therefore **OVERRULES** Plaintiff's objections (ECF No. 23) and the statement of errors (ECF No. 10) and **ORDERS** that judgment be entered in favor of the Commissioner. The Clerk shall enter judgment accordingly and terminate this action on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE